◎JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SGS U.S. Testing Company, Inc.

## DEFENDANTS
Takata Corporation, TK Holdings, Inc., Takata, Inc., Takata Restraint Systems, Inc., Takata Seat Belts, Inc., TK-Taito,

(b) County of Residence of First Listed Plaintiff: **Essex**

County of Residence of First Listed Defendant: **Delaware, Michigan, Te**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Glenn J. Williams, Esq.
Florio Perrucci Steinhardt & Fader, LLC
235 Frost Avenue
Phillipsburg, New Jersey 08865
gwilliams@florioperrucci.com

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
2:USC§ 1332 Diversity

Brief description of cause:
Breach of Contract and Other Causes for Recovery or Fees and Expenses

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 6,429,148

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 11/24/09

SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SGS U.S. Testing Company, Inc., | Civil Action No. |
| Plaintiff, | |
| v. | |
| Takata Corporation, TK Holdings, Inc., Takata, Inc., Takata Restraint Systems, Inc., Takata Seat Belts, Inc., TK-Taito, LLC, and John Doe Companies (1-50), | **COMPLAINT** |
| Defendants. | |

### NATURE OF ACTION

1. This is an action seeking recovery of attorneys' fees, legal expenses, costs of suit and any and all other litigation related expenses arising from several underlying lawsuits where Plaintiff was entitled to defense and indemnification from Defendants, and where Defendants failed to defend or indemnify Plaintiff for such expenses.

### PARTIES

2. Plaintiff SGS U.S. Testing Company, Inc. (formerly known as United States Testing Company, Inc.) is a New York corporation having its principal place of business at 291 Fairfield Avenue, Fairfield New Jersey 07004 (hereinafter "SGS").

3. Defendant Takata Corporation is a Japanese corporation having its principal place of business at 12-31 Akasaka 2-Chome, Minato-ku, Tokyo, 107-8508, Japan; Defendants TK Holdings, Inc., Takata, Inc., Takata Restraint Systems, Inc., and Takata Seat Belts, Inc. are Delaware corporations each having a principal place of business in Auburn Hills, Michigan; and

Defendant TK-Taito, LLC is a Delaware limited liability company having a principal place of business in San Antonio, Texas (hereinafter collectively "Takata").

## JURISDICTION & VENUE

4. This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. §1332 in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to the claims asserted herein took place within the District.

## FACTUAL BACKGROUND

### The SGS/Takata Business Transactions

6. For more than thirty (30) years, SGS has provided testing services to the National Highway Traffic Safety Administration ("NHTSA"), which included testing select automobile seat belt restraint assembly systems pursuant to the Federal Motor Vehicle Safety Standards ("FMVSSs"). In addition to providing testing services to the NHTSA, SGS conducted seat belt testing for private companies, including Takata.

7. Takata is a global supplier of products to major auto makers, including seat belts, airbag systems, steering wheels, child seats, and electronic devices such as satellite sensors and electronic control units.

8. Takata and SGS have a longstanding business relationship whereby SGS has performed seat belt testing services for Takata at SGS's New Jersey facilities.

9. Since in or around 1985, Takata has submitted seat belts to SGS on a regular basis for testing services as specified by Takata, which testing services were performed by SGS for Takata pursuant to the terms and conditions agreed upon between the parties.

10. The agreed upon terms and conditions included an obligation of Takata to defend and indemnify SGS from any and all expenses and liability arising from the testing services provided by SGS for Takata.

### The Underlying Cases

11. Beginning in or around 2002, the following series of lawsuits were filed giving rise to the obligation of Takata to defend and indemnify SGS:

    a. <u>Eleanora Fernandez, et al v. Takata Corp., SGS U.S. Testing Company, Inc., et al</u> (Arizona) - Superior Court of Arizona, County of Maricopa, Case No. CV 2002-022227, and its predecessor case, same title same court, CV 2002-010887. Class action suit. ("Fernandez").

    b. <u>Lohman, M.D., et al vs. Takata Corp., SGS U.S. Testing Company, Inc., et al</u> (New Mexico) - 1st Judicial District Court, County of Santa Fe, New Mexico, Case No. D-0101-CV-200201279. Class action suit. ("Lohman").

    c. <u>Lupe Zavala and Rosalie Zavala, Individually and On Behalf of all Similarly Situated Persons, vs. Takata Corp., United States Testing Company, Inc., et al</u> (California) - Superior Court of California, County of Los Angeles, Case No. BC 277327. Class action suit. ("Zavala").

d. <u>Travis and Galen Baggett d/b/a American Motors v. Takata Corp., SGS U.S. Testing Company, Inc., et al</u> (Tennessee) - Circuit Court for the State of Tennessee, 28th Judicial District, Haywood County, Case No. 3594. Class action suit. ("Baggett").

e. <u>Tracy Price v. Takata Corp., U.S. Testing Company, Inc., et al.,</u> (Texas) - United State District Court, Northern District of Texas, Amarillo Division, Case No. 2:08-CV-151-J. Originally filed in New Mexico, removed to Federal Court in Texas. Personal injury case. ("Price").

f. <u>Pete Everett and Marcella Everett, et. Al., v TK-Taito, LLC, Takata Seat Belts, Inc, et al</u> (Texas) - 30th Judicial District Court of Wichita County, Texas, Case No 157,896A. Class action suit. ("Everett").

g. <u>Mary Stevic and Ronald Stevic v. Nissan Motor Company, Ltd., TK Holdings, Inc. aka Takata Seat Belts, Inc, et al</u> (Florida) - Ninth Judicial Circuit in Orange County, Florida, Case No. 06-CA-8631. ("Stevic").

12. The class action complaints filed against Takata and others in Fernandez, Lohman, Zavala and Baggett, and the personal injury complaint filed against Takata and others in Price, all involved allegations that certain seat belt buckles manufactured by Takata were defective and not in compliance with applicable federal safety regulations, namely FMVSS 209. All of the aforementioned complaints also named SGS as a defendant alleging that Takata contracted with SGS to test exemplars of Takata's seat belt buckles for compliance with FMVSS 209.

13. The class action complaint filed in Everett and the complaint filed in Stevic did not name SGS as a defendant, but did include similar allegations regarding defective seat belts manufactured by Takata which required SGS to incur expenses associated with the litigation.

14. On or about July 9, 2002, SGS submitted a request to Takata for defense and indemnification in Lohman and Fernandez. On or about that same date, the initial complaint was filed in Zavala.

15. On or about September 27, 2002, SGS submitted another request to Takata requesting defense and indemnification in Lohman and Fernandez, and adding to its request, for defense and indemnification in Zavala and Everett, "as well as any other lawsuit based on the facts alleged in these cases which may come to light, should [USTC, referred to here as SGS] be drawn into any other such case in any capacity" (hereinafter "September 27, 2002 Indemnification Request").

16. On or about September 30, 2002, Takata denied the September 27, 2002 Indemnification Request.

17. On or about August 16, 2006, SGS and Takata entered into a Tolling Agreement regarding the following cases (collectively the "TK-52 Buckle Litigation"): Fernandez; Zavala; Lohman; Everett; and Baggett in which the parties recited that "Takata has contracted with SGS for SGS to perform testing services for Takata at SGS's testing facilities in New Jersey" and that the parties "vigorously deny the meritless allegations that plaintiffs have made against them in the TK-52 Buckle Litigation" and that the parties agreed to toll the running of any applicable statute of limitations relating to claims that either SGS or Takata may bring against the other, with the exception of those claims arising prior to the date of said agreement, August 16, 2006.

18. In or around August 2007, a complaint was filed in Stevic in Florida, and a complaint was filed in Price in New Mexico; Price was later transferred to Federal Court in Amarillo, Texas. Both Stevic and Price involve matters falling within the September 27, 2002 Indemnification Request.

19. On or about October 22, 2007, SGS in Stevic renewed its September 27, 2002 Indemnification Request. On such date, SGS requested indemnification and reimbursement from Takata, pursuant to SGS's agreement with Takata, for attorneys' fees, costs and expenses SGS would incur in responding to discovery demands made by the plaintiff in Stevic. Takata denied SGS's request on or about November 13, 2007.

20. On or about January 27, 2009, SGS in Price again renewed its previous September 27, 2002 Indemnification Request, which request was denied by Takata.

21. On or about March 9, 2009, the court in Zavala entered judgment in favor of all defendants, including SGS, finding that SGS properly tested the exemplar Takata seat belts as required by FMVSS 209 (Verdict at p. 2, lines 10-12).

22. In all of the above referenced cases, Takata consistently argued to the court that SGS had properly performed its testing services and properly reported the results of such tests.

23. In all of the above referenced cases, Takata was obligated to defend and indemnify SGS, and in all of the cases, Takata declined to do so.

24. In all of the above referenced cases that have been resolved to date, namely Zavala; Baggett in which plaintiff's complaint was dismissed with prejudice; Fernandez, in which SGS was granted summary judgment; Everett, in which Takata prevailed where SGS was not a named defendant, but incurred expenses associated with the litigation; and Price, in which SGS was dismissed before trial; no court has found SGS to have improperly performed its services. In fact, Takata has always maintained, and the Court has determined, that SGS had properly performed testing services for Takata.

25. As a result of being caused to defend itself and otherwise participate in the above referenced cases, SGS has incurred substantial legal and other litigation related expenses which

to date total $6,429,148, and which continue to accrue in the Lohman case that is still pending, and SGS will further incur additional expenses and other costs of bringing this lawsuit against Takata.

26. Pursuant to the obligations of Takata to defend and indemnify SGS, SGS now seeks reimbursement for such expenses incurred to date, and for those that SGS will incur in any pending and future matters as well as in bringing this lawsuit.

## COUNT I

## CONTRACTUAL INDEMNIFICATION

27. SGS incorporates by reference the preceding paragraphs as though fully restated herein.

28. At all times set forth in the Complaint, there existed between the parties hereto certain contracts binding upon Takata, wherein Takata agreed to defend, hold harmless and indemnify SGS from any and all expenses and liability arising from the testing services provided by SGS for Takata .

29. Pursuant to the provisions contained in the contracts, Takata was contractually bound to defend, hold harmless and indemnify SGS for any and all claims such as those made by the plaintiffs in the underlying cases alleged herein.

30. As a result of the contracts entered into between SGS and Takata, Takata agreed and accepted the responsibility to hold SGS harmless from any and all liability, damages, attorneys' fees and costs, such as are alleged in this Complaint.

31. Furthermore, Takata accepted and agreed to be responsible for full and complete indemnification of SGS pursuant to the contracts for such expenses incurred by SGS in

defending themselves in such underlying cases, or otherwise participating in the litigation process.

32. As a result of the above, SGS is entitled to be indemnified for all such expenses by Takata.

WHEREFORE, SGS demands judgment for any and all sums of money which may be found due and owing to it and said indemnity is due and owing to it for attorneys' fees, litigation expenses, costs of suit, and for such further relief as the Court may deem equitable and just.

## COUNT II

## COMMON LAW INDEMNIFICATION

33. SGS incorporates by reference the preceding paragraphs as though fully restated herein.

34. SGS was caused to incur substantial litigation related expenses defending or otherwise participating in the litigation process with respect to the underlying cases.

35. The allegations involved claims that certain Takata seat belts were defective and not in compliance with FMVSS 209. SGS was never found to have improperly performed testing services for Takata and was adjudicated to have been free from any and all liability in all of the underlying cases.

36. SGS hereby demands common law indemnification from the Takata for any and all attorneys' fees, litigation expenses, and other costs of suit relating to SGS's involvement in all of the underlying cases stated herein.

WHEREFORE, SGS demands judgment for any and all sums of money which may be found due and owing to it and said indemnity is due and owing to it, together with attorneys' fees, litigation expenses, costs of suit, and for such further relief as the Court may deem equitable and just.

## COUNT III

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

37. SGS incorporates by reference the preceding paragraphs as though fully restated herein.

38. As with all contracts in New Jersey, the contracts between SGS and Takata contain an implied covenant of the duty of good faith and fair dealing.

39 SGS requested defense and indemnification from Takata for each and every underlying case.

40. Takata refused SGS's requests for each and every underlying case.

41. Subsequent to such refusals, Takata consistently maintained during the litigation that SGS performed its services properly under the contracts.

42. By its actions as stated herein, Takata breached the duty of good faith and fair dealing owed to SGS.

43. Takata's breach of the duty of good faith and fair dealing owed to SGS under the contracts has caused SGS to sustain damages.

WHEREFORE, SGS demands judgment for any and all sums of money which may be found due and owing to it and said indemnity is due and owing to it, together with attorneys' fees, litigation expenses, costs of suit, and for such further relief as the Court may deem equitable and just.

## COUNT IV

## PROMISSORY ESTOPPEL

44. SGS incorporates by reference the preceding paragraphs as though fully restated herein.

9

45.   Takata promised and/or agreed to defend and indemnify SGS for any liability arising from the services to be provided by SGS to Takata.

46.   Takata should have reasonably expected that its promise to defend and indemnify SGS for any liability arising from the services provided by SGS to Takata and the previous course of conduct between the parties would induce SGS to contract with Takata.

47.   SGS provided services to Takata in reliance on the previous course of conduct between the parties and Takata's promise to provide defense and indemnification for any and all claims that may arise as a result of the services provided by SGS to Takata.

48.   Injustice can be avoided only by enforcing Takata's promises to SGS.

WHEREFORE, SGS demands judgment for any and all sums of money which may be found due and owing to it and said indemnity is due and owing to it, together with attorneys' fees, litigation expenses, costs of suit, and for such further relief as the Court may deem equitable and just.

### RULE 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding nor is any such action, arbitration or proceeding contemplated.

FLORIO PERRUCCI STEINHARDT & FADER, LLC

*/s/ Brian R. Tipton*

Dated: 11/24/09        By:_____

Brian R. Tipton, Esq.