NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SGS U.S. TESTING COMPANY, INC., : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> TAKATA CORPORATION, TK : <br> HOLDINGS, INC., TAKATA, INC., : <br> TAKATA RESTRAINT SYSTEMS, INC., : <br> TAKATA SEATBELTS, INC., TK-TAITO, : <br> LLC, JOHN DOES COMPANIES (1-50) : <br>  : <br> Defendants. : <br>  : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 09-CV-6007 (DMC - JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by SGS U.S. Testing, Inc. ("Plaintiff") to reconsider this Court's August 3, 2010 Opinion and Order in accordance with L. Civ. R. 7.1. After entertaining oral argument, and upon careful consideration of the parties' submissions, for the reasons herein expressed, it is the decision of this Court that Plaintiff's motion to reconsider is **denied.**

I. **BACKGROUND AND PROCEDURAL HISTORY**

This case comes before the Court on Plaintiff's motion to reconsider the dismissal of counts I (contract indemnification), III (breach of duty of good faith and fair dealing) and IV (promissory

estoppel) of Plaintiff's complaint, counts that were dismissed pursuant to Defendant's 12(b)(6) motion on August 3, 2010.

Plaintiff USTC is a company that does safety testing for the automotive industry, and Defendant Takata is a manufacturer of seatbelts. USTC has performed testing for Takata since 1985. In 2002 a series of seven lawsuits were filed against Takata; in five of them, USTC was named as a party defendant, and accused of negligent testing. These suits included both class actions claiming that the value of cars had been diminished because of faulty seatbelts, and personal injury claims arising from allegedly defective seatbelts. Four of the cases in which USTC was named have been resolved to date. In two of the cases, the complaint against USTC was dismissed. In a third case USTC was granted summary judgment, and in the fourth, judgment was entered in favor of all defendants. It appears that the fifth case is still pending. In at least two separate actions, USTC was not named as a defendant, but nonetheless allegedly incurred litigation expenses as a consequence of the allegations in those complaints. There have been no findings of wrongdoing or negligence on the part of USTC.

The parties signed various contracts containing indemnification provisions between 1986 and 2000. Although the language varies slightly from year to year, they are all materially the same. The 1996 contract contains the following provision:

> Client (Takata) agrees, in consideration of SGS-USTC undertaking to perform the test(s) or program hereunder to protect, defend, indemnify, save harmless and exonerate SGS-USTC from any and all claims, damages, expenses, either direct or consequential for injuries to persons or property arising out of or in consequence of the performance of the testing or inspections hereunder and/or the performance of the products tested or inspected hereunder unless caused by the negligence of USTC

## II. STANDARD OF REVIEW

A motion for reconsideration is governed by Local Civil Rule 7.1(I). Reconsideration is an "extraordinary remedy" and is granted "very sparingly." N.L. Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration will be granted only if: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact, or prevent manifest injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). If a party simply disagrees with a court's decision, the appropriate avenue to address that disagreement is "through the appellate process not a motion for reconsideration." Database Am., Inc., 825 F. Supp. at 1220.

## III. DISCUSSION

There is little question that the controlling law cited by both parties that pertains to the interpretation of indemnification clauses is, as Plaintiff's attorney correctly stated at oral argument on Plaintiff's motion for reconsideration, "confusing." Where a contractual indemnification clause does not contain express language that contemplates indemnification for fees that arise from having to defend against claims of negligence or intentional wrongdoing, Defendant would have us interpret *Mantilla v. NC Mall Associates,* 167 N.J. 262, 272, 770 A.2d 1144, 1151 (N.J.,2001) as conclusively stating that the responsibility of the indemnitor is discharged. Plaintiff would prefer that the Court interpret the indemnification clause with regard to the underlying action that has been defended, with attention to the adjudication on the merits, and to allow indemnification by contract for a party who is not found to have been negligent, or to have intentionally committed any wrongdoing, even

without express contractual language. It is conceivable that depending on a Court's reading and interpretation of *Mantilla*, either position could be defended. Nonetheless, the fact that there may be two interpretations of the same law and the same language is not to say that choosing one reading over another is a clear error of law, especially in light of the mandate that "when the meaning of the clause is ambiguous... the clause should be strictly construed against the indemnitee." *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.,* 103 *N.J.* 177, 191, 510 *A.*2d 1152 (1986). In their moving papers, both parties ably and thoroughly briefed both possible interpretations, and this Court carefully considered their submissions and the controlling law. This Court does not now find that the August 3, 2010 decision was either clearly erroneous, or that it ought to be reconsidered based on new evidence or an intervening change in legal authority. Moreover, this Court does not find that our opinion created manifest injustice, or that reconsideration would prevent the same.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider pursuant to Local Civ. R. 7.1 is denied. An appropriate order follows this opinion.

 S/ Dennis M. Cavanaugh
 DENNIS M. CAVANAUGH, U.S.D.J.

Date:   November  17 , 2010

cc: Counsel of Record